### George Crosby & another *vs.* Thomas Wentworth.

A discharge under the United States bankrupt act of 1841 does not bar a suit on the Rev. Sts. *c.* 104, § 4, to recover possession of lands or tenements wrongfully withheld from the owner.

A defendant, after appealing to the court of common pleas, from a judgment rendered against him by a justice of the peace, in a suit on the Rev. Sts. *c.* 104, § 4, to recover possession of a tenement, voluntarily removed from the tenement, and the plaintiff thereupon took and kept possession thereof. The defendant afterwards entered his appeal, and was defaulted. *Held,* that the plaintiff was entitled to judgment; the defendant not having taken advantage, at the term when he entered his appeal, of the plaintiff's entry and possession, by way of plea *puis darrein continuance.*

This was an action on the Rev. Sts. *c.* 104, § 4, to recover from the defendant possession of premises belonging to the plaintiffs, of which the defendant was tenant at will. The plaintiffs gave the defendant due notice to quit, and then commenced this action, which was entered in the police court of Lowell, on the 14th of December 1841, and was thence continued to the 31st of said December, when the defendant pleaded, and judgment was rendered against him. From that judgment he appealed, and entered into recognizance, with surety, to enter the action in the court of common pleas, and also to pay all rent then due, and all intervening rent, damages and costs. He entered the action in said court, at the March term thereof, 1842, and was defaulted. On the 18th of January 1842, he voluntarily, and without the plaintiffs' request, removed from the said premises, and the plaintiffs took possession thereof, and have since continued to hold them.

On the 7th of February 1842, the defendant petitioned the district court of the United States for the District of Massachusetts, for the benefit of the United States bankrupt act of 1841, and has since been decreed bankrupt by that court, and has received his full discharge under said act.

On these facts, the court of common pleas rendered judgment for the defendant, and the plaintiffs appealed to this court.

*J. G. Abbott & S. A. Brown,* for the plaintiffs. As this is an action in the nature of a tort, the defendant's discharge under the bankrupt act does not affect it. Torts are not discharged by that act, till the damages are reduced to a judgment.

The first section of the act provides only for the discharge of debts that are certain. Besides ; a judgment for either party, in the present action, does not, like judgments in some other kinds of torts, change the title to the property.

The plaintiffs' claim for costs in this process cannot be discharged by the defendant's bankruptcy, unless previously reduced to a judgment Their costs depend upon and follow their judgment for possession. Therefore, if they are not estopped, by the bankruptcy of the defendant, from pursuing their process to recover possession, they are entitled to their costs. There was no good judgment for costs, in this action, before the defendant filed his petition to be declared a bankrupt. The judgment in the police court was vacated by the appeal taken by the defendant. There was, therefore, nothing certain that could be proved against the bankrupt's estate. There was no certainty, even as matters stood at the time of the appeal, that the plaintiffs' judgment would be affirmed in the appellate court.

This process is also in the nature of a proceeding *in rem,* for the recovery of specific property wrongfully withheld ; and the defendant's certificate can in no way avail him against the plaintiffs' right to the possession of the property.

The defendant may perhaps rely on the plaintiffs' entry upon the premises which are the subject of this action, and keeping possession of them. But if this point is to be decided upon principles analogous to those which are applied to the entry of a demandant in a writ of entry, the defendant has, by his laches, wholly lost the benefit of it. The entry of such demandant, pending the action, must be pleaded *puis darrein continuance ;* and the benefit of such defence is lost by the tenant's omission to plead it at the earliest term possible. Stearns on Real Actions, (2d ed.) 187. Such entry does not *ipso facto* abate the writ, nor defeat the action. Jackson on Real Actions, 166 See also *Andrews* v. *Hooper,* 13 Mass. 476. The defendant entered his appeal, after the plaintiffs took possession of the premises, and after he had filed his petition in bankruptcy ; thereby waiving any benefit that he might otherwise have de-

rived from the plaintiffs' entry, and also thereby keeping the action alive, and compelling the plaintiffs to come into the appellate court, to attend to it.

As the defendant voluntarily removed from the premises after he had recognized to pay intervening rent, &c., he and his surety would have been liable for such rent, if the plaintiffs had not taken possession. The entry and possession of the plaintiffs were therefore for his benefit; and they ought not, by doing him a favor, to forfeit their right to a judgment for the rent which had previously accrued, and for costs.

*E. Fuller & Morse*, for the defendant.   1. The defendant is discharged by the proceedings in bankruptcy.   By § 4 of the bankrupt act, "a discharge shall and may be pleaded, as a full and complete bar to all suits brought in any court of judicature whatever; and the same shall be conclusive evidence of itself in favor of such bankrupt, unless the same shall be impeached." This covers the present case.   If the judgment of the police court had not been appealed from, the defendant's discharge would have cut off the plaintiffs' claim for costs; and the officer could have put the plaintiffs into possession, (if not already in possession,) but could not have levied for costs.   And how can the appeal put the plaintiffs in a better condition?

2. The defendant relies on his surrender of the premises, and the plaintiffs' acceptance of the surrender, and their subsequent possession of the premises.   The whole object of this action is recovery of possession; and when this object has been attained, the plaintiffs cannot ask for a judgment for possession.   If the plaintiffs had demised the premises to the defendant, by a sealed lease, on the 18th of January 1842, would not such lease have defeated this action?   If it would, then the possession of the plaintiffs must defeat the action, whether they leased to the defendant, or to any one else, or did not lease at all.   If a demandant in a writ of entry make an entry, after suit commenced, for the purpose of taking possession, such entry may be pleaded in bar or in abatement.   Jackson on Real Actions, 165.   Stearns on Real Actions, (1st ed.) 215, 216.   And the same rule applies to the present action, because the plaintiffs seek the same

Crosby & another *v.* Wentworth.

object which is sought in a writ of entry. While the plaintiffs are rightfully in possession, a judgment cannot be rendered for them, against the defendant, for possession. How could a writ of *habere facias* be served ?

The old rule, as to pleading entry *puis darrein continuance* at the next term, does not apply to this case, in its present posture. The parties have made an agreed statement of facts, and have asked the court to adjudicate as to the effect of these facts on the plaintiffs' right to recover judgment.

If judgment should be rendered for the plaintiffs, they might bring a writ of *scire facias* against the defendant's surety on his recognizance, and recover the rent of the premises from the date of the appeal to the date of the judgment; which would be most unjust.

SHAW, C. J. The defendant having been defaulted, the question is, upon the facts agreed, what judgment shall be rendered ? The court are of opinion, that the bankrupt law does not apply to the case ; its operation being to bar actions for the recovery of debts only. But this is a summary process, in nature of a possessory action, and is founded on an alleged unlawful and tortious holding of the possession of lands or tenements, against the right of the plaintiffs.

As to the effect of the plaintiffs' entry and taking possession of the premises, pending the appeal, the court are of opinion, that if the defendant could take advantage of it at all, it must be by a plea *puis darrein continuance ;* and not having been so pleaded, at the first term after the entry was made, it is no bar to a judgment. The rule upon which the defendant relies is strictly technical ; and a technical answer therefore is sufficient. As to the intervening damages, they are not settled by this judgment ; and the whole question as to the amount will be open on a *scire facias* upon the recognizance, if the plaintiffs should have occasion to resort to it.

*Judgment for the plaintiffs for possession, and for their costs*